THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEATA ROGOWSKI a/k/a<br>BETA WALKOSZ | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:15-CV-01606 |
| | : | (JUDGE MARIANI) |
| FOREMOST INSURANCE COMPANY<br>GRAND RAPIDS MICHIGAN | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Presently before the Court is a Report and Recommendation (R&R), in which Magistrate

Judge Carlson recommends that the Court grant, in part, Defendant's Motion to Dismiss.

(Doc. 17). Specifically, the Magistrate Judge recommends that the Court grant Defendant's

Motion to Dismiss Plaintiff's bad faith claim, without prejudice, and to direct Plaintiff to file a

more definite statement of her claim, "asserting facts which allow for an informed evaluation

of the potential application of the one year contractual claims limitations period in this

dispute." (*Id.*). The parties have both filed Objections to the Magistrate Judge's R&R.

(Docs. 18, 19). Upon *de novo* review, the Court will overrule Defendant's objections and

will overrule in part and sustain in part Plaintiff's objections as set forth below.

Plaintiff objects to the R&R, maintaining that its "viable breach of contract and bad faith

claims should not be dismissed or amended, and this matter should be permitted to proceed

to discovery." (Doc. 18, at 1). Based on the Court's review of the Complaint, the Court

agrees with the Magistrate Judge that Plaintiff failed to adequately plead a statutory bad

faith claim under 42 Pa. C.S. § 8372. The Complaint, as the Magistrate Judge found,

"consists of little more than a paraphrase of the statute, coupled with a factual assertion that

the defendant has breached the insurance policy in ways which are undefined, but allegedly

willful and malicious." (*Id.* at 11). Courts in this Circuit require more than conclusory and

bare-bones allegations that an insurance company acted in bad faith in order to sustain a

statutory bad faith claim. *See, e.g., Yohn v. Nationwide Ins. Co.*, 1:13-CV-024, 2013 WL

2470963, at *6-7 (M.D. Pa. June 7, 2013) (collecting cases). Accordingly, the Court agrees

with the Magistrate Judge and Count II of the Complaint will be dismissed without prejudice.

Next, Plaintiff objects to the Magistrate Judge's recommendation that she be required to

file a more definite statement with respect to her breach of contract claim. Defendant

moved to dismiss Plaintiff's breach of contract claim alleged in Count I of the Complaint on

the theory that the contract governing the parties' relationship provided for a one year

limitations period for claims under the policy, and thus Plaintiff's claim is untimely. Plaintiff

acknowledges the existence of this contractual provision, but points to what she asserts is

an ambiguity in the contract which precludes application of the limitations clause. The

Magistrate Judge found that "[t]he difficulty with addressing the contrasting positions of the

parties on this issue can be simply stated: In its current form, there are not sufficient well-

pleaded facts set forth in Rogowski's complaint to determine whether the alleged ambiguity

created by this appraisal provision affects the contractual claims limitations set forth in the

2

agreement." (Doc. 17, at 13). Accordingly, the Magistrate Judge recommends that the Court order Plaintiff to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

The Magistrate Judge did not find that the Plaintiff failed to plead a breach of contract claim. Rather, the Magistrate Judge determined that the Plaintiff should be required to file a more definite statement in order to assess the viability of Defendant's statute of limitations defense. However, "Rule 12(e) is designed to strike at unintelligibility rather than want of detail." *Mut. Indus., Inc. v. Am. Int'l Indus.*, Civil Action No. 11-5007, 2011 WL 4836195, at *3 (E.D. Pa. Oct. 11, 2011) (internal citation and quotation marks omitted). Importantly, Rule 12(e) "should not be used to seek out a threshold defense," such as Defendant's statute of limitations defense. *Id.*; *see also Argonaut Ins. Co. v. HGO, Inc.*, No. Civ. A. No. 96-1115, 1996 WL 433564, at *2 (E.D. Pa. July 25, 1996) ("[T]here should be a bias against the use of a Rule 12(e) motion as a precursor to a Rule 12(b)(6) motion or as a method for seeking out a threshold defense.") (internal citation and quotation marks omitted). Although certainly the Plaintiff could have provided more detail with respect to its breach of contract claim, "the Complaint is not so vague or ambiguous that Defendant cannot respond." *Mutual Indus.*, 2011 WL 4836195, at *4. Therefore, the Court will overrule in part and

sustain in part Plaintiff's Objection to the R&R and Plaintiff will not be required to file a more definite statement with respect to her breach of contract claim.[1]

Defendant objects to the Magistrate Judge's recommendation that the Estate of Jaroslaw Rogowski is not a necessary and indispensable party under Federal Rule of Civil Procedure 19. Specifically, Defendant asserts that: (1) Jaroslaw Rogowski "is a named insured on the subject policy," (2) the estate is represented by his son, Matthew Rogowski, who "may be considered an insured under the policy," (3) Matthew Rogowski "was in constant communication with Defendant regarding the information necessary to make a coverage determination on this loss," and (4) "[s]hould Plaintiff successfully argue that Defendant breached the contract of insurance, surely then the Estate of Jaroslaw Rogowski would be entitled to relief." (Doc. 19, at 7). Under the circumstances, Defendant maintains that the Estate "is therefore a necessary party under Rule 19(a)(1)(A)." *Id.* The Court rejects Defendant's conclusory arguments set forth in its Objection (without any citations to applicable case law) and concludes that the Estate of Jaroslaw Rogowski is not a necessary and indispensable party under Federal Rule of Civil Procedure 19(a)(1)(A). Courts have found that where, as here, a party and an estate lack divergent interests, the estate is not a necessary and indispensable parties within the meaning of Federal Rule of Civil Procedure 19. *See, e.g., Abkco Music, Inc. v. Lavere*, 217 F.3d 684, 687-88 (9th Cir. 2000) (holding

---

[1] For these reasons, the Court will overrule Defendant's Objection to the Magistrate Judge's R&R "relative to whether Plaintiff should provide a more definitive statement of her breach of contract claim." (Doc. 19, at 5). Specifically, the Court will overrule Defendant's "request that Plaintiff's claim for breach of contract be dismissed with prejudice and Plaintiff not be given the opportunity to more specifically plead." (*Id.* at 6).

4

that estate was not a necessary and indispensable party, as the estate was adequately represented by other parties and there was no indication that those parties had divergent interests); *AAA Life Ins. Co. v. Kneavel*, Civil Action No. 1:10-CV-00158, 2012 WL 895953, at *3 (M.D. Pa. Mar. 15, 2012) (holding that in breach of insurance contract action estate was not necessary and indispensable party).  Moreover, as the Magistrate Judge correctly found, "[g]iven the representation that Rogowski's husband passed away prior to the fire which led to this claim, and our understanding that Rogowski then inherited the residence and remained a named insured on the homeowners policy in this matter, we do not regard the estate of her late husband as an indispensable party." (Doc. 17, at 16 n.2).

Accordingly, Defendant's Objections to the R&R will be overruled.   A separate order follows.

Robert D. Mariani
United States District Judge