IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEATA ROGOWSKI a/k/a BEATA WALKOSZ, | : : | |
| Plaintiff, | : | 3:15-CV-01606 |
| v. | : : | (JUDGE MARIANI) |
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN | : : : | |
| Defendant. | : : | |

## AMENDED COMPLAINT

AND NOW COMES Plaintiff, Beata Rogowski, a/k/a Beata Walkosz, by and through counsel, and files this Amended Complaint and in support thereof avers the following:

1. Plaintiff is an adult individual residing in Mount Pocono, Pennsylvania, Monroe County, and, therefore, is a citizen of the Commonwealth of Pennsylvania.

2. Defendant, Foremost Insurance Company Grand Rapids, Michigan, is a Michigan corporation with its principal place of business located at 5600 Beech Tree Lane, Caledonia, Michigan and, therefore, is a citizen of the State of Michigan.

3. Pursuant to 28 U.S.C.A. §1332, this Court has subject matter jurisdiction as there is diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. At all times pertinent hereto, Plaintiff was the owner of the premises known as 4145 Fox Chase Terrace, Tobyhanna, Pennsylvania.

5. At all times pertinent hereto, Plaintiff and Defendant were parties to a contract of insurance covering the aforesaid subject property.

6. On or about August 17, 2013, the subject property was damaged by fire and Plaintiff submitted a claim to Defendant for same.

7. At all times pertinent hereto, Plaintiff maintained the subject insurance policy in good standing and made any and all payments due thereupon.

8. Plaintiff performed her obligations pursuant to the subject policy/contract.

9. At the time of making said claim to the present, Defendants have failed to honor their obligations under the subject policy/contract.

## COUNT I
## BREACH OF CONTRACT TO INSURE

10. Plaintiff hereby incorporates Paragraphs 1 through 9 herein by reference as fully as if set forth herein at length.

11. Plaintiff and Defendant entered into a binding agreement for insurance.

12. Plaintiff had certain obligations under said policy which she has fulfilled.

13. Defendant had common duties of performance under said policies which has been breached.

14. Solely as a result of Defendant's failure to properly process Plaintiff's claim and make payments pursuant to the subject policy, Plaintiff has suffered and will continue to suffer direct and consequential damages, all of which were in contemplation of the Defendant at the execution of the policy, including, but not limited to, loss of personal properly, substantial financial hardship and inconvenience, all of which damages are continuing and will continue into the foreseeable future.

WHEREFORE, Plaintiff demands Judgment against the Defendant in an amount in excess of $75,000.00 together with costs, interest and attorney's fees and an award of punitive damages in an amount believed by the Court to be appropriate to punish Defendant for the

willful and malicious misconduct and necessary to deter Defendant from engaging in such misconduct in the future.

## COUNT II
### BAD FAITH INSURER- 42 PA.C.S. 8371

15. Plaintiff hereby incorporates Paragraphs 1 through 14 herein by reference as fully as if set forth herein at length.

16. Plaintiff succeeded to the subject marital property by operation of law after the death of her husband. The property was insured under the subject Landlord Policy.

17. Plaintiff had fully complied with all prerequisites for recovery with respect to the policy.

18. Defendant has refused to properly process Plaintiff's claim and make payment for Plaintiff's losses and damages and, despite demand, Defendant, without legal cause or justification, and in violation of its contractual and statutory duties, has refused and continues to refuse to pay Plaintiff for the amount due, to wit:

   a. Defendant unreasonably delayed the processing of the claim. It is further believed and therefore averred that Defendant's investigation was a mere ruse to delay processing the claim and an attempt to run any applicable statute limitations, when, in fact, the pertinent information was available by way of the police investigation;

   b. Defendant continually interrogated and harassed Plaintiff, who is the insured party, and her son, regarding the fire, long after the police investigation had concluded;

   c. Plaintiff and her son were required to sign releases and disclose records

including financial information and cell phone records;

d. Defendant finally denied the claim by letter dated December 16, 2014, without proper basis (See Exhibit A);

e. Defendant insists that the fire was suspicious even though the matter was investigated by law enforcement and no one was ever charged, and Plaintiff and her son were cleared of all suspicion;

f. Defendant wrongfully denied the claim for reasons including financial condition and delinquent property taxes;

g. Defendant continues to purposefully misapply the law by failing to recognize that, as a matter of law, Plaintiff was the sole insured and beneficiary under the subject policy, not her son or the estate of her deceased husband. Defendant's course of bad faith conduct continues to present; and

h. Plaintiff, Beata Rogowski, is the insured person in this matter, yet there is not a scintilla of evidence purported by Defendant in the denial letter to indicate her involvement in causing the fire. Moreover, rather than explain its position specifically, Defendant speaks in vague accusatorial generalities, such as "your testimony" and the like (See Exhibit A). Defendant never explains its true reason for denying the claim.

19. Under the aforesaid circumstances, and by reason of its duty of good faith and fair dealing and its fiduciary relationship with Plaintiff, and its contractual obligations, Defendant was obligated to process the Plaintiff's claim in a fair and timely manner so as to maximize Plaintiff's claim and allow Plaintiff to realize the largest amount of benefits to which she was entitled.

20. Solely as a result of Defendant's failure to process the claim and make payment pursuant to the policy, Plaintiff has suffered and will continue to suffer direct and consequential damages, all of which were in contemplation of Defendant at the execution of the policy, including, but not limited to, loss of real and personal property, loss of rental income, substantial financial hardship and inconvenience, all of which damages are continuing and will continue into the foreseeable future.

WHEREFORE, Plaintiff demands Judgment against the Defendant in an amount in excess of $75,000.00 together with costs, interest and attorney's fees, and an award of punitive damages in an amount believed by the Court to be appropriate to punish Defendant for the willful and malicious misconduct, and necessary to deter Defendant from engaging in such misconduct in the future.

A JURY TRIAL IS DEMANDED.

                                                  Respectfully Submitted,

By:    /s/ Salvatore P.J. Vito
         Salvatore P.J. Vito, Esquire
         Attorney for Plaintiff
         Attorney I.D. No.: 35963
         45 North 7th Street
         Stroudsburg, PA 18360
         (570) 424-8890

EXHIBIT 'A'


**FOREMOST**
INSURANCE GROUP

Toll Free: (800) 435-7764
Email: myclaim@farmersinsurance.com
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
Fax: (877) 217-1389

December 16, 2014

BEATA ROGOWSKI
1489 N WINSLOWE DR APT 103
PALATINE IL 60074-8511

RE:  Insured:                Beata Rogowski
     Claim Unit Number:      8002184385-1-1
     Policy Number:          0068916279
     Loss Date:              08/17/2013
     Location of Loss:       4145 Fox Chase Ter, Tobyhanna, PA
     Subject:                Claim Outcome Letter

Dear Mr. Rogowski and Ms. Rogowsji-Walkosz:

I am writing to you on behalf of Foremost Insurance Company Grand Rapids, Michigan, regarding the claim you submitted in relation to a fire which occurred on August 17, 2013 at 4145 Fox Chase Terrace, Tobyhanna, Pennsylvania. Please accept our sincere thanks for your cooperation concerning your claim.

I am writing to advise you we have concluded our investigation of this loss. I also write to advise you Foremost is denying the above referenced claim pursuant to the policy's exclusions for losses caused intentionally by or at the direction of insureds, as well as the policy's Concealment or Fraud provision.

To help you better understand our decision, we direct your attention to the following provisions of your insurance contract, which are relevant to our analysis of coverage:

Dwelling Fire Three Policy Landlord 11003 dated 03/06, as endorsed. They form the basis for our decision:

## SECTION I — Exclusions

We do not insure loss caused directly or indirectly by any of the following regardless of any other cause or event contributing concurrently or in any sequence to the loss:

1. Loss of or to any property otherwise insured by this policy if that loss is intentionally caused by any of you or performed at any of your direction.

## Policy Conditions

2. **Joint Obligations.** The terms of this policy impose joint obligations on each and every one of you. This means that the responsibilities, acts and failures to act of any of you will be binding upon all of you.

3. **Concealment or Fraud.** The entire policy will be void whether before or after a loss or claim relating to this insurance if any of you:

X5M86ZQ4

     a. Intentionally conceal or misrepresent any material fact or circumstance;

     b. Engage in fraudulent conduct; or

     c. Make false statements;

8    **Legal Action Against Us.** You may not bring legal action against us concerning this policy unless you have fully complied with all of the policy terms. If you and we have failed to agree on the amount of the loss, then you may not bring legal action against us until you have submitted and resolved that dispute through appraisal as described in Condition 5. Suit must be brought within one year after the loss occurs.

12    Transfer of This Policy. You may not transfer any interest in this policy without our written consent. If you die, this policy will continue in force for the remainder of the Policy Period shown on the Declarations Page. This policy will continue for other members of your family entitled to coverage at the time of your death or for your legal representative, but only with respect to the property insured by this policy at the time of death.

We refer you to the following language in your Required Change Pennsylvania 11110 07/11 endorsement:

**Definitions**

The following definition is added:

**Abuse** means an occurrence as defined in 23 Pa.C.S. 6102(a). **Abuse** also means attempting to cause or intentionally, knowingly or recklessly causing damage to property so as to intimidate or attempt to control the behavior of another person covered under 23 Pa.C.S. Ch. 61 (Relating to Protection from Abuse).

**SECTION I - Exclusions**

Exclusion 1. is changed to read:

1. Loss of or to any property otherwise insured by this policy if that loss is intentionally caused by any of you or performed at any of your direction.

   This exclusion does not apply to loss sustained by any innocent first party claimant if that loss arose out of abuse. Our payment to the innocent first party claimant will be limited to his or her ownership interest in the damaged property reduced by any payments to the mortgagee or other secured interest.

Although this letter is not intended to provide you with each and every factual basis for Foremost's denial of this claim, the totality of Foremost's claim investigation revealed this was an incendiary or intentionally set fire, you had the financial motive to be involved in the intentional setting of the fire and submission of a fraudulent claim, and Mat Rogowski had the opportunity to be involved in the intentional setting of the fire, or the fire was set on his behalf.

Furthermore, the totality of Foremost's claim investigation revealed you made several misrepresentations or concealments of material fact during the course of Foremost's claim investigation, including but not limited to the following:

Mat Rogowski's presence at Alison McGinley's home, 215 Selig Road, Pocono Lake, Pennsylvania, on the evening of the fire loss, allegedly from approximately 10:00 p.m. to approximately 4:00 a.m.;

The manner in which Mat Rogowski allegedly discovered the fire loss and notified Beata Rogowski of the fire loss;

Your allege knowledge of the financial condition and responsibility for finances of the Rogowski family real estate holdings in northeast Pennsylvania;

Your testimony regarding communications from financial institutions regarding foreclosures at other properties owned by the Rogowski family in northeast Pennsylvania;

Whether you were on a re-payment plan for delinquent property taxes with Monroe County, Pennsylvania;

Mat Rogowski's rationale for not reporting the fire loss until thirteen (13) days after the fire occurred;

Your testimony regarding the last time you were at the property prior to the fire;

Your testimony regarding key and lock-box access to the property;

Your testimony regarding completion of repair work at the property prior to the fire; and

Mat Rogowski's testimony regarding the reason police were conducting a search warrant at 84 Center Avenue following the fire.

Please understand the insurance policy's innocent co-insured provisions, including its modifications to Pennsylvania law, result in a denial of this claim in its entirety, as to both Beata Rogowski and Mat Rogowski, who was acting as Administrator and Personal Representative of the Estate of Jaroslaw Rogowski on the day of the fire.

Based on the foregoing, Foremost is denying the above referenced claim for all purposes. We believe our investigation has been thorough and complete, and that we have reached the correct decision regarding your claim. If, however, you believe we have reached this decision in error, you are encouraged to submit any new or additional information and documentation which you believe may change the facts or analysis, and we shall fully consider any such new or additional information you provide. Please submit any such new or additional information and documentation to the following address within the next fourteen (14) days:

Zachary F. McCune, Esq.
SMITH, ROLFES & SKAVDAHL
600 Vine Street, Suite 2600
Cincinnati, Ohio 45202

X5M86ZQ4

Please also be advised, nothing contained within this letter is in any way a waiver of any rights or defenses either you or we may have under your policy. Your rights, as well as our rights, under the policy are fully preserved for all purposes, and we shall continue to require full adherence to any policy conditions, limitation periods, and all other policy terms for all purposes. To more fully understand our coverage decision, please refer to your insurance policy. If you do not have a copy of your policy, please let me know, and I will be pleased to provide you with a complete copy of the same.

Please finally be aware any person who knowingly, and with intent to defraud any insurance company or other person, files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

For all purposes, Foremost Insurance Company Grand Rapids, Michigan continues to reserve all rights, claims and defenses relative to this claim.

By writing of this letter, we do not waive any of the terms or conditions of your insurance policy, or any rights we may have, all of which are expressly retained and reserved. Any activity on our part should not be construed as a waiver. We understand your rights are retained as well. Even though only parts of your policy are mentioned or quoted in this letter, additional portions, if found to be relevant, will be applied.

If you have any questions, or additional information you think may affect your coverage, please contact me at (603)767-9481.

Thank you.

Sincerely,
Foremost Insurance Company Grand Rapids, Michigan

Kevin O'neil
Sr. General Adjuster
kevin.oneil@farmersinsurance.com
(603)767-9481

CC: MATEUSZ ROGOWSKI, PA INSURANCE CENTER INC

X5M86ZQ4